UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>JENNIFER WALTERS,<br><br>     Debtor. | Chapter 13<br><br>Bk. No. 18-82776-CRJ-13 |
| JENNIFER WALTERS,<br><br>     Plaintiff,<br><br>v.<br><br>EMERGENCY MEDICAL ASSOCIATES<br><br>     Defendant. | Adv. Case No. 19-80014-CRJ |

**DEFENDANT EMERGENCY MEDICAL ASSOCIATES' ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S ADVERSARIAL COMPLAINT**

Defendant, Emergency Medical Associates ("EMA" or "Defendant"), by its counsel, in answer to Plaintiff's Adversary Complaint ("Complaint"; Doc No. 1), states as follows:

**COMPLAINT**

No response is required to Plaintiff's opening paragraph.

**Parties, Jurisdiction, and Nature of Action**

1.     Admitted.

2.     No response is required to the allegations contained in Paragraph 2 because the schedules speak for themselves.

3.     Denied as stated.

1

4. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent an answer is required, denied.

5. Admitted.

## Claim — Violation of the Automatic Stay

6. EMA repeats each and every response to the preceding paragraphs as if set forth more fully herein.

7. No response is required to the allegations contained in Paragraph 7 because the schedules speak for themselves.

8. Denied.

9. The allegations of this paragraph contain conclusions of law to which no response is required. EMA denies that it had knowledge of Plaintiff's bankruptcy filing.

10. Denied. EMA is without sufficient knowledge or information to form a belief or opinion as to the truth or veracity of these allegations; therefore, EMA leaves the Plaintiff to her proofs at trial. EMA further denies that its conduct was the proximate cause of any injury or damage to the Plaintiff and further deny that the Plaintiff's damages are as alleged in the complaint. By way of further response, the allegations of this paragraph contain conclusions of law to which no response is required. By way of further response, Exhibit 1 and Exhibit 2 to the Complaint are documents the contents of which speak for themselves.

11. Denied. The allegations of this paragraph contain conclusions of law to which no response is required.

12. Denied. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent an answer is required, denied. EMA further denies that its conduct was the proximate cause of any injury or damage to the Plaintiff and further deny that the Plaintiff's damages are as alleged in the complaint.

2

13. Denied. The allegations of this paragraph contain conclusions of law to which no response is required. EMA further specifically denies that it has "contempt and disdain for this court" as alleged by Plaintiff.

14. Denied. The allegations of this paragraph contain conclusions of law to which no response is required.

**WHEREFORE,** EMA requests that this Honorable Court award judgment in favor of Emergency Medical Associates, and against Plaintiff, together with costs, attorneys' fees and such other relief as this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

Upon information and belief and subject to further investigation and discovery, Emergency Medical Associates alleges the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual damages as a result of Emergency Medical Associates' alleged conduct.

### THIRD AFFIRMATIVE DEFENSE

Any damage to Plaintiff, which Emergency Medical Associates denies, is due to the acts or omissions of Plaintiff and/or third parties and Emergency Medical Associates is not liable for said acts, omissions or alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata and equitable principles of claim and issue preclusion.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims alleged in the Complaint are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims of physical injury are barred by the principles of <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and its prodigy. EMA demands strict medical proof of Plaintiff's claims of medical injury.

## SEVENTH AFFIRMATIVE DEFENSE

The actions of the Defendant that were taken were not willful as the Defendant did not have actual knowledge of the filing of the bankruptcy prior to the communications that were allegedly sent.

## EIGHTH AFFIRMATIVE DEFENSE

Emergency Medical Associates, LLC reserve the right to assert additional defenses upon further particularization of Plaintiff's claims and upon discovery of further information concerning Plaintiff's alleged claim and upon the development of other pertinent information.

Respectfully submitted, this the 18th day of July 2019.

/s/Tracy A. Marion
Tracy A. Marion
LANIER FORD SHAVER & PAYNE P.C.
2101 W. Clinton Avenue, Suite 102
Huntsville, AL 35805
Telephone: (256) 535-1100
tam@lanierford.com

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing has been filed this 18th day of July 2019, via CM/ECF, which will electronically notify all counsel of record. I do certify that a copy of the foregoing was emailed to Plaintiff's counsel at the following:

John C. Larsen, Esq.
Larsen Law P.C.
1733 Winchester Road
Huntsville, AL 358111
john@jlarsenlaw.com

                                             /s/ Tracy A. Marion
                                             OF COUNSEL